[Cite as *Odom v. Ohio Dept. of Transp.*, 2009-Ohio-7193.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THAINE P. ODOM

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-07130-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On July 20, 2009, at approximately 3:30 p.m., plaintiff, Thaine P. Odom, was traveling north on Interstate 75 "just after the Monroe exit" in Warren County, when his automobile struck a "deep 3-5" hole in the road" causing rim damage to the vehicle. Plaintiff implied that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover damages in the amount of $271.15, the cost of a replacement rim. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant related that the particular construction project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange construction of SR 122 and bridge replacements at several locations in Warren County." According to defendant, the construction project

limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's damage incident occurred "between mileposts 39.20 to 39.45 which is within the project limits." Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant had the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. see *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant denied that neither ODOT nor Jurgensen had any notice of the particular pothole prior to plaintiff's property damage event. Defendant pointed out that ODOT records "indicate no calls or complaints were received regarding the pothole in question prior to (plaintiff's) incident. Evidence from another claim, 2009-07288-AD, establishes the particular damage-causing pothole was present on the roadway at 11:00 a.m. on July 19, 2009. Defendant argued that plaintiff has failed to produce any evidence to prove the pothole that his car struck was attributable to any conduct on either the part of ODOT or Jurgensen. Defendant submitted a letter from Jurgensen Project Manager, Jason M. Mudd, who recalled an ODOT representative notified Jurgensen of a pothole at milepost 38.0 on Interstate 75 on July 22, 2009. This pothole was subsequently repaired according to Jurgensen records.

**{¶ 6}** In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 8} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no evidence that defendant had actual notice of the pothole condition. Therefore, in order to recover plaintiff must produce evidence to prove constructive notice of the defect or negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*.

{¶ 10} "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 11} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle*. Constructive notice of roadway potholes has been determined in multiple claims

involving less than a twenty-four hour time frame. See *McGuire v. Ohio Department of Transportation* (2002), 2001-08722-AD; *Piscioneri v. Ohio Dept. of Transportation, District 12*; 2002-10836-AD, 2006-Ohio-2173, jud; *Kill v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01512-AD, 2003-Ohio-2620, jud; *Zeigler v. Department of Transportation*, 2003-01652-AD, 2003-Ohio-2625; *Sheaks v. Ohio Department of Transportation*, 2003-02179-AD, 2003-Ohio-2176, jud. Evidence in the instant claim has shown that the pothole plaintiff's car struck was present on the roadway for more than twenty-eight hours prior to plaintiff's incident.

{¶ 12} However, in the matter of *Pompignano v. Ohio Dept. of Transp.*, 2005-02117-AD, jud; 2005-Ohio-3976, in a Motion for Court Review, the court concluded in reversing a determination by the Clerk that thirteen hours constructive notice of a defect was insufficient notice to invoke liability of ODOT. The court, in reversing the finding of constructive notice, quoted and adopted ODOT's argument: "It is inappropriate that ODOT be held negligent for not patrolling every square mile of roadway every twelve hours. Such a ruling is against all case law created outside the limited arena of these administrative decisions." (Defendant's motion for court review, page 7). In its reversal order the court also recognized a constructive notice standard involving down signage. The court noted in finding, "that evidence of a stop sign being down for less than 24 hours was not enough time to impute constructive notice of its condition to ODOT." See *Cushman v. Ohio Dept. of Transp.* (1995), 91-11591, affirmed (March 14, 1996), Franklin App. No. 95AP-107-8844. The court, in the present claim, is required to follow existing precedent. Consequently, plaintiff has failed to prove sufficient constructive notice of the damage-causing pothole to invoke liability on that premise. See *Edwards v. Ohio Dept. of Transp., Dist. 8*, Ct. of Cl. No. 2006-01343-AD, 2006-Ohio-7173; *Bross v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-01495-AD, 2007-Ohio-2410. Plaintiff has failed to prove that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the construction area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THAINE P. ODOM

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07130-AD

Clerk Miles C. Durfey


ENTRY OF ADMINISTRATIVE DETERMINATION


    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


                            _____
                            MILES C. DURFEY
                            Clerk

Entry cc:

Thaine P. Odom                    Jolene M. Molitoris, Director
68 Virginia Avenue #B          Department of Transportation
Dayton, Ohio  45410            1980 West Broad Street

Columbus, Ohio  43223

RDK/laa
12/7
Filed 12/23/09
Sent to S.C. reporter 4/16/10